UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 89 CR 908-15 |
| | ) |
| BERNARD GREEN, | ) Judge Rebecca R. Pallmeyer |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Bernard Green is serving a life sentence after being convicted at trial in December 1991 for his role in a Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy and a drug distribution conspiracy. Mr. Green now moves [5984, 5987] for a reduced sentence under 18 U.S.C. § 3582(c)(2), or alternatively, for compassionate release. The Government argues in opposition to Mr. Green's motion that he is not eligible for a sentence reduction. For the reasons explained below, the court finds that Mr. Green is not eligible for sentencing relief and denies his motion.

## BACKGROUND

Bernard Green, a member of the El Rukn gang in Chicago, was indicted in 1989 on federal drug conspiracy and racketeering charges. (*See* Indictment [1]; Apr. 1991 Superseding Indictment [943].) Among other things, the indictment [943] charged Green for his role in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1); racketeering, in violation of 18 U.S.C. § 1962(c) (Count 2); knowingly and intentionally possessing with intent to distribute heroin, cocaine, marijuana, amphetamine pills, Talwin and Triplenamine pills, codeine syrup, and Phencyclidine, in violation of 18 U.S.C. §§ 841(a)(1) and 846 (Count 3); and three counts of knowingly and intentionally using a telephone in furtherance of the drug conspiracy, in violation of 21 U.S.C. § 843(b) (Counts 37, 40, 41). After a months-long jury trial in 1991, a jury returned a verdict acquitting Green of the charges in Counts 37 and 40, but convicted him on Counts 1, 2,

3, and 41.  (*See* Sentencing Tr. 2:11–23, Ex. 2 to Gov't Resp. [6005-2].)  The jury did not return a special verdict regarding Green's conviction on Count 3, meaning that Green was not found guilty beyond a reasonable doubt of distributing any specific quantity of drugs.  (*Id.*; Green Mot. Suppl. [5987] at 2.)

During Green's May 1992 sentencing hearing, Judge Mills found that Green was responsible for at least the amount of heroin listed in the Presentence Investigation Report—10 kilograms.  (Sentencing Tr. 15:9–17; Presentence Report ("PSR") at PSR-0022, Ex. 1 to Gov't Resp. [6005-1].)  The court assigned a base offense level of 36, corresponding to 10 kilograms of heroin, and added two levels for possession of a firearm and four levels for Green's leadership role in the offense.  (Sentencing Tr. 96:12–15.)  The court also assigned Green a criminal history category of V, which, combined with the total offense level of 42, led to a guideline range of 360 months to life imprisonment.  (*Id.* 96:15–18.)  The court sentenced Green to a within-guideline term of life imprisonment.

On April 15, 2019, Green filed this pending motion [5984] for a reduced sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the sentencing guidelines.  Green supplemented his motion [5987] on April 23, 2019.  In his reply brief [6011], Green also suggests that he is eligible for compassionate release under 18 U.S.C. § 4205(g) (repealed 1987).  Green devotes the bulk of his motions to challenging the legality of his sentence rather than presenting arguments in favor of a reduced sentence or for compassionate release.  The Government contends that Green is not eligible for a sentence reduction under § 3582(c)(2) because, even had Amendment 782 been in effect when Green was originally sentenced, the applicable sentencing guideline range would remain the same.

## **DISCUSSION**

The court begins by noting that many of the arguments in Green's briefs challenge the validity of his sentence and conviction and are not relevant to a motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) or to a motion for compassionate release.  Judge Mills denied

Green's initial § 2255 petition on the merits in 2000. *See Green v. United States*, No. 98-cv-8015, 2000 WL 134718 (N.D. Ill. Feb. 3, 2000). Accordingly, to the extent Green seeks a modification of his sentence on the basis that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," 28 U.S.C. § 2255(a), this court lacks jurisdiction to decide the motion. This court may not hear a second or successive § 2255 petition unless Green obtains approval from the Seventh Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A); *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007). Nor may Green disguise a subsequent § 2255 motion by labelling it as a motion for a reduced sentence pursuant to another legal provision. *See Carraway*, 478 F.3d at 848. In this opinion, the court will consider only those of Green's arguments that pertain to a motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) or for compassionate release.

I. **Sentence Reduction Pursuant to Amendment 782**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Congress created an exception to this rule in 18 U.S.C. § 3582 by permitting a court to retroactively reduce a defendant's term of imprisonment if he was originally sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)," and if, after considering the factors in 18 U.S.C. § 3553(a), the court finds that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In November 2014, the Sentencing Commission issued Amendment 782, which reduced by two levels the base offense level applicable to most drug offenses in Section 2D1.1 of the guidelines. U.S.S.G. Amend. 782; U.S.S.G. § 2D1.1(c).

A court's decision to reduce a sentence under 18 U.S.C. § 3582(c)(2) must be consistent with the portion of the Commission's policy statement in section 1B1.10 of the guidelines

establishing when a defendant is eligible for a reduced sentence. A court may not reduce a defendant's term of imprisonment consistent with the policy statement if Amendment 782 does not lower the sentencing guideline range applicable to a defendant and his offense of conviction. U.S.S.G. § 1B1.10(a)(2)(B). To decide if a defendant is eligible for a reduced sentence, the court must "determine the amended guideline range that would have been applicable to the defendant if the amendment[ ] . . . had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). Importantly, the court may only substitute the changes made by the Amendment "for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* Because Amendment 782 modified only the base offense level that corresponds to most drug type and quantity combinations, a court may not, for example, reassess a defendant's criminal history category or enhancements related to the offense characteristics. *See id.* § 1B1.10, comment n.1.

Even if Amendment 782 otherwise applied to Green, he is ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 because the Amendment "does not have the effect of lowering [his] applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). When Green was initially sentenced, his base offense level was 36. The sentencing judge added two levels for possession of a firearm and added four levels for Green's leadership role, for a total offense level of 42. (Sentencing Tr. 96:12–15.) In combination with Green's criminal history category of V, his guideline range was 360 months to life imprisonment. (*Id.* 96:15–18.) Had Amendment 782 been in effect when Green was initially sentenced, his base offense level would have been 34 instead of 36. U.S.S.C. § 2D1.1(c)(3). This court may not, consistent with the Commission's policy statement, reassess Green's criminal history category or the weapon and leadership enhancements and so must add six levels. Green's total adjusted offense level is therefore 40. Combined with a criminal history category of V, Green's sentencing guideline range remains what it was before: 360 months to life imprisonment. Because a two-level reduction in Green's base offense level does not lower the sentence guideline range, a

reduction in Green's sentence would not be consistent with policy statement 1B1.10. And because a court may only reduce a sentence under 18 U.S.C. § 3582(c)(2) if the reduction is consistent with the Sentencing Commission's applicable policy statement, Green is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782.

## II. Compassionate Release

The court also concludes that Mr. Green is not currently eligible for compassionate release. The title of Green's response brief suggests he is requesting relief under 18 U.S.C. § 3582(c)(2) and 18 U.S.C. § 4205(g), but he makes no arguments concerning his eligibility for compassionate release. Congress repealed 18 U.S.C. § 4205(g) effective November 1, 1987, when the sentencing guidelines took effect, but it is still the controlling law on compassionate release for inmates whose offenses occurred prior to that date. 28 C.F.R. § 572.40. Green's convictions are based on offenses that started before November 1, 1987 but continued until October 1989. Judge Mills sentenced Green under the guidelines because the conspiracy in which Green participated straddled the guidelines' effective date. (Sentencing Tr. 6:14–8:4 (citing *United States v. Masters*, 924 F.2d 1362, 1369 (7th Cir. 1991)).) And because Green's offense of conviction involved conduct occurring after November 1, 1987, the compassionate release provisions in 18 U.S.C. 3582(c)(1)(A) apply to Green. 28 C.F.R. § 572.40.

Section 603(b) of the First Step Act amended 18 U.S.C. § 3582(c) to encourage more frequent use of compassionate release. *See* Pub. L. No. 115-391 § 603(b), 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a court could reduce a defendant's term of imprisonment only upon motion of the Director of the Bureau of Prisons, but now may do so on motion of the defendant after he exhausts administrative remedies. *Id.*; 18 U.S.C. § 3582(c)(1)(A). Under current law, a court may modify the term of imprisonment of a defendant who is at least 70 years of age and who has served at least 30 years in prison pursuant to a sentence imposed under section 3559(c), as long as the Director of the Bureau of Prisons determines "that the defendant is not a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A)(ii).

5

Green is over 70 years old, but the court has no record of a determination from the Director of the Bureau of Prisons that Green is not a danger to the community. Nor has Green indicated that he exhausted administrative remedies. To the extent that Green requests compassionate release for "extraordinary and compelling reasons," 18 U.S.C. § 3582(c)(1)(A)(i), there is no evidence suggesting that Green is in poor health or that his family circumstances warrant early release. U.S.S.G. § 1B1.13, comment n.1. Accordingly, Green is not eligible for compassionate release, even as those provisions have been expanded by the First Step Act.[1]

## **CONCLUSION**

Defendant Bernard Green is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), nor has he made a showing that the court should grant compassionate release pursuant to or the 18 U.S.C. § 3582(c)(1)(A). Mr. Green's motion [5984, 5987] for a reduced sentence is denied. This ruling is without prejudice to a further request for compassionate release, if appropriate, following exhaustion of administrative remedies.

ENTER:

June 8, 2021

REBECCA R. PALLMEYER
United States District Judge

---

[1] To the extent that Green requests relief under section 404 of the First Step Act, the court also finds that he is not eligible. Section 404 permits a court to retroactively apply provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, to reduce an inmate's sentence imposed for a "covered offense." A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010," and that "was committed before August 3, 2010." Pub. L. No. 115-391 § 404(a), 132 Stat. 5194, 5222. Section 2 of the Fair Sentencing Act reduced the sentencing disparity between offenses involving crack and powder cocaine in 21 U.S.C. § 841 by increasing the weight of crack cocaine required for certain mandatory minimums to apply. See *Dorsey v. United States*, 567 U.S. 260, 263–64 (2012). Section 3 of the Fair Sentencing Act eliminated mandatory minimum sentences for simple crack cocaine possession. Pub. L. No. 111-220 § 3, 124 Stat. 2372, 2372. Green's offense of conviction is not a "covered offense" as section 404(a) defines the term because Green was never indicted for, nor convicted of, distributing crack cocaine. Instead, the indictment charged Green with distributing heroin, cocaine, marijuana, amphetamine pills, Talwin and Triplenamine pills, codeine syrup, and Phencyclidine. (Apr. 1991 Superseding Indictment at 102.) Sections 2 and 3 of the Fair Sentencing Act did not modify the penalties for statutory violations involving these controlled substances.